DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Municipal Court judgment of conviction and sentence. The court found Timothy Jordan, defendant below and appellee herein guilty of inducing panic in violation of R.C. 2917.31.
 {¶ 2} Appellant raises the following assignment of error for review and determination:
"THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S EVIDENCE AND FURTHER ERRED IN CONVICTING THE DEFENDANT OF THE CRIME CHARGE[D] WHERE THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO PROVE AN ESSENTIAL ELEMENT OF THE OFFENSE CHARGED."
 {¶ 3} On January 13, 2005, the prosecuting attorney filed a complaint charging appellant with inducing panic. The complaint alleged that appellant "did cause the evacuation of a public place, or otherwise cause serious public inconvenience or alarm, by: initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning was false; in violation of Section 2917.31 of the Revised Code."[1]
 {¶ 4} At the bench trial, Lawrence County Sheriff's Deputy Shane Hanshaw testified that on December 30, 2004 he responded to a call at appellant's residence. Dispatch advised him of a burglary in progress involving multiple armed suspects. Hanshaw spoke with appellant who eventually admitted that no one had been in his home. Appellant still stated, however, that individuals were in the area with guns. Hanshaw and appellant walked outside and appellant stated that he could see a man up the road with a gun. Hanshaw asked appellant to show him and they walked in the direction that appellant thought he saw the man. As they got closer, appellant stated that no one was there.
 {¶ 5} Shirley Mannon testified that she received appellant's 911 call that reported a burglary in progress that he was eye witnessing. He stated that two individuals were involved and both had shotguns. He advised that one individual was wearing camouflage and the other was wearing dark clothing. He also described a truck. Appellant informed the dispatcher that the individuals had been in his house.
 {¶ 6} Patsy Adkins testified that on December 30, 2004 she, her two daughters and grandson were outside trying out a new hunting weapon. They heard a commotion and saw the police cars approaching. The police then exited their vehicles and yelled for them to "hit the ground." They all did, even her little grandson. The grandson was screaming "What was going on. We hadn't done anything. What have we done, what have we done, mommy, mommy what's wrong." One of the officers put a gun in one of Adkins' daughters' faces and told her to get on the ground. The daughter was then handcuffed. Adkins asked Jeff Lawless what was going on and he said a break-in had occurred in the neighborhood involving guns.
 {¶ 7} At the conclusion of the trial, the trial court found appellant guilty. The court noted that appellant called the Sheriff's Office and reported a burglary in progress, stated that men with weapons were in the area and that they posed a threat to appellant and to the area. As a result of appellant's report, several officers responded to the call in an emergency fashion. Chief Lawless, Deputy Tordiff, Deputy Milam, and Deputy Hanshaw responded to appellant's call with lights and sirens. Because of appellant's report that persons were in the area with weapons and "as a direct result of instructions given by [appellant] to the dispatcher concerning where those persons were located, Patsy Adkins and her daughters, who were at a neighboring property, were subject to detention at gun point." The court specifically found that appellant's report of a burglary in progress and that persons in the area who threatened appellant was false and knowingly false at the time he made the statements.
 {¶ 8} The court recognized appellant's assertion that he did not "cause serious public inconvenience or alarm," but stated:
"The court, after consideration, believes that the general circumstances of this even does rise to the level of causing a serious public inconvenience or alarm. Defense counsel cogently points out that the placing of Patsy Adkins and her daughters under detention at gun point may not arise to the level of public inconvenience or alarm. The Court considers this a very good argument on behalf of the Defendant and seriously considered this point.
However, the Court also finds that there was more involved in terms of inconvenience and alarm other than just placing the neighbors under detention. There was at least five officers who traveled to the scene, being the Defendant's residence, with lights and siren blaring on what they felt to be an emergency call where persons were in danger of being injured by an intruder.
The Defendant's actions in making this false report was to put the general public in danger and the officers in danger by the very nature of their response to the report. The Court finds and holds that the essence of the offense of disorderly conduct inducing panic under Ohio Revise Code 2917.31 is the serious public inconvenience or alarm caused by the Defendant's actions.
The Court believes that the Defendant's conduct in causing officers to race to his home under emergency circumstances, which places the officers and the general public out using the highway in danger, as well as the neighbors who were placed under detention at gunpoint due to the false reports of the Defendant, to constitute serious public alarm.
The Court finds the entire result of the Defendant's conduct to arise to the level that meets the requirement of the statute. From reading the committee comments to the enactment of this particular statute, it appears that the Legislature was particularly concerned about the danger to the public in general that arises from conduct meant to be proscribed by this section. The Court believes that the Defendant's conduct does meet those requirements."
 {¶ 9} Appellant filed a timely notice of appeal.
 {¶ 10} In his sole assignment of error, appellant asserts that the prosecution failed to produce sufficient evidence to show that appellant's actions resulted in serious public inconvenience or alarm. He contends that the officers' conduct in investigating appellant's 911 call, and in questioning the individuals who fit appellant's description, does not amount to serious public inconvenience or alarm. We disagree with appellant.
 {¶ 11} When an appellate court reviews a claim regarding the sufficiency of the evidence, the inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541 (stating that "sufficiency is a test of adequacy"); State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. See State v. Issa (2001),93 Ohio St.3d 49, 66, 752 N.E.2d 904 (citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks,61 Ohio St.3d at 273). Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). Reviewing courts will not overturn convictions on sufficiency-of-evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See Statev. Tibbetts (2001), 92 Ohio St.3d 146, 749 N.E.2d 226; State v.Treesh (2001), 90 Ohio St.3d 460, 739 N.E.2d 749.
 {¶ 12} Employing the above standard, we believe that in the case sub judice the prosecution presented sufficient evidence that the appellant committed the R.C. 2917.31(A)(1) offense of inducing panic. The statute sets forth the essential elements of the offense of inducing panic:
(A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following:
(1) Initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false;
 {¶ 13} In the case sub judice, we agree with the reasons the trial court expressed for its finding that appellant's conduct caused serious public inconvenience or alarm. Appellant's false report resulted in three innocent women and a young child being subjected to police officers shouting at them to "hit the ground" and having their weapons drawn. The officers' conduct unquestionably caused them alarm and seriously inconvenienced them. The officers did not simply "question" the women and child as appellant asserts.
 {¶ 14} We further note that the cases appellant cites to support his argument are inapposite. In State v. Isham,
Hamilton App. No. C-020065, 2002-Ohio-5815, after the defendant was convicted of inducing panic under R.C.2917.31(A)(2),[2] he appealed and argued that the evidence was insufficient to show that he threatened to commit any offense of violence. In Isham, an officer arrived at a fifteen-floor apartment building after she received a radio call. The defendant was on the twelfth floor and his brother was in the hallway speaking to another officer. The defendant's brother appeared concerned about the defendant and the officers decided to evacuate the twelfth floor. The officers then made several phone calls to the defendant's apartment. One officer heard a weapon being loaded or unloaded from inside the defendant's apartment. Three to five minutes later, the defendant surrendered.
 {¶ 15} The appellate court agreed that the evidence failed to establish that the defendant threatened to commit any offense of violence under R.C. 2917.31(A)(2). The court stated that "there is no evidence that [the defendant] threatened or pointed a gun at anyone." The court further determined that any alleged threat did not cause the evacuation of a public building because the officer's testimony related to what occurred after they already evacuated the building. The court stated: "In fact, it is entirely unclear from the record why the officers evacuated the building in the first place." The court thus concluded that because "[t]he state failed to provide any evidence of the events that led to the evacuation of the building or to other serious public inconvenience or alarm," the defendant's conviction could not stand. The court further determined that the officers' inconvenience in simply responding to the call could not satisfy the statute.
 {¶ 16} In State v. Kristofferson, Hamilton App. No. C-010322, 2002-Ohio-712, the defendant appealed his R.C.2917.31(A)(3) inducing panic conviction and argued that the evidence was insufficient to show the serious public inconvenience or alarm element. In Kristofferson, the defendant and his wife had argued and he stated that he would be better off dead. He then retrieved a handgun and locked himself in a bedroom. His wife and son left the home and called the police. The police requested the defendant to come outside and after a brief two or three minute exchange, the defendant surrendered.
 {¶ 17} The appellate court concluded that the evidence failed to show that the defendant's conduct caused serious public inconvenience or alarm. Instead, "[h]is conduct involved his family and occurred within the privacy of his own home. It was not the kind of conduct that the inducing-panic statute was intended to prohibit, such as causing an airport terminal or other public place to be evacuated by sending the customers to scurry for the exits." The court further determined that "[t]he officers, acting in their official capacity, * * * could not have been inconvenienced within the contemplation of R.C. 2917.31(A), simply because they had responded to his residence as their duties required them to do."
 {¶ 18} We believe that both Isham and Kristofferson are distinguishable from the case at bar. In Isham, the state failed to show that some conduct on the defendant's part caused the evacuation of the building. In Kristofferson, the only persons other than the defendant and his family who were inconvenienced were the officers acting in their official duties. By contrast, in the cause sub judice appellant's neighbors were seriously inconvenienced when police ordered them to "hit the ground" at gunpoint and handcuffed a young girl. UnlikeKristofferson, this is not a case in which only the defendant and the officers involved were inconvenienced. And, unlikeIsham, evidence exists that appellant's conduct caused the public inconvenience and alarm.
 {¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion.
[1] We note that although the complaint does not cite the subdivision of the inducing panic statute with which it charged appellant, the language mirrors R.C. 2917.31(A)(2).
[2] R.C. 2917.31(A)(2) provides: "No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by * * * (2) Threatening to commit any offense of violence."